UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                                            Chapter:    13
                                                                  Case No.:   13-41263

BOYER, NANCY L.
        Debtor


DEBTOR'S OBJECTION TO AMENDED MOTION
OF U.S. BANK, N.A. AS TRUSTEE FOR CREDIT SUISSE FIRST
BOSTON CSFB AR3  FOR RELIEF FROM THE AUTOMATIC STAY


    The Debtor, NANCY E. BOYER, (the "Debtor"), in the above entitled proceedings, objects to the Amended Motion (the "Motion") of U.S. Bank, N.A. as Trustee For Credit Suisse First Boston CSFB AR3 (hereinafter "U.S. Bank") for relief from the automatic stay, and answers such motion, paragraph by paragraph, as follows:

1. Admit.
2. Admit.
3. Admit.
4. The Debtor admits that an auction or purported auction was conducted with respect to the premises on or about December 14, 2009. The Debtor further admits the existence of the foreclosure deed and Affidavit attached to the Motion as Exhibit A; however, as set forth in the Adversary Complaint filed herewith, the Debtor asserts that the affidavit attached to the Motion is fatally defective on the grounds that the purported affiant has admitted in prior sworn testimony that she regularly signed such affidavits and other documents without personal knowledge of the contents of such documents. The Debtor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations set forth in this paragraph, and

accordingly denies the same and puts movant to its proof. Further answering, the Debtor specifically asserts that the foreclosure sale referenced in the Motion is void as a result of U.S. Bank's failure to comply with the provisions of M.G.L. c. 244, §35A, as alleged in the Adversary Complaint filed herewith.

5. Admit that the Debtor is a borrower under the Note and Mortgage. The Debtor asserts that she continues to be the lawful owner of the premises due to defects in the foreclosure sale on the grounds set forth herein and in the Adversary Complaint filed herewith.

6. Admit that the Debtor occupies the property. The Debtor denies the balance of the allegations set forth in this paragraph.

7. Admit that the Debtor's spouse was a debtor in two (2) prior bankruptcies filed within the past several months. The Debtor asserts that her spouse was represented by counsel in those bankruptcy cases and cooperated with his counsel in all respects but that counsel failed to file schedules or a plan, and that such failure was not attributable to the Debtor's spouse. The Debtor specifically denies that this case was filed for purposes of delay but rather to permit the Debtor an opportunity for an adjudication of those issues set forth in the Adversary Complaint prior to any physical eviction of the Debtor, her spouse and their children from the Debtor's home. The balance of the allegations in this paragraph are denied.

8. The Debtor denies that cause exists for relief from the automatic stay under the circumstances of this case, pending an adjudication of the claims set forth in the Debtor's Adversary Proceeding, which bear on the validity of the Movant's foreclosure sale and its right to proceed with the execution on its state court eviction judgment against the Debtor and her non-debtor spouse.

FURTHER ANSWERING, the Debtor says as follows:

9. Nancy L. Boyer ("Plaintiff" or "Debtor.") is a co-owner residential property in Essex County, Massachusetts, known and referred to as 2 Dufton Road, Andover, Massachusetts (the "Premises"). As is set forth in the Adversary

Complaint filed by the Debtor in this case, which Complaint is incorporated herein by reference, the Debtor maintains that she remains the owner of the right of redemption in the Premises on the grounds that the purported foreclosure sale with respect to the premises conducted by U.S. Bank is void. Specifically, the Debtor asserts in her Complaint, *inter alia*, that U.S. Bank failed to comply with the requirements of M.G.L. c. 244, §§14 and 35A , that the Affidavit(s) of compliance with each of these statutory provisions are fatally defective because they are signed by Xee Moua, who, as alleged in the Adversary Complaint, has admitted in prior sworn testimony to having no personal knowledge related to documents presented to her for affirmation and signature by Wells Fargo's loan processing department[1], that the purported assignment of the Debtor's mortgage from MERS to U.S. Bank was unauthorized and invalid, that U.S. Bank lacked standing to conduct the foreclosure sale, and that U.S. Bank derivatively lacks standing to prosecute the within Motion For Relief From Stay.

10. The Debtor accordingly asserts that U.S. Bank has not demonstrated that it has the right or authority to proceed with its state court eviction action and physically evict the Debtor and her spouse from the premises, and that, in the event the Court determines that the foreclosure sale was invalid and void, U.S. Bank cannot demonstrate cause for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

---

[1] As set forth in the Adversary Complaint, Moua, according to her published sworn deposition testimony taken on March 9, 2010, in Charlotte, North Carolina related to a Palm Beach County, Florida case entitled *Wells Fargo Bank, NA v. John P. Stipek*, was employed By Wells Fargo in its loan document processing department in conjunction with the foreclosure department at its Fort Mill, South Carolina headquarters and according to Moua's transcribed testimony applicable to the period of July 2009, she was executing 300 to 500 signatures on documents a day (25% of her workday) and all she was doing to certify the truth of any affidavit was to check her name and title. Moua had been working for three years in the document execution department of Wells Fargo at its South Carolina office, advancing from a temporary contractor to a processor (filling in the blanks), and finally promoted to Work Director, with authority to sign based on a corporate resolution of Wells Fargo.

WHEREFORE, the Debtor respectfully requests that this Court enter an order DENYING the Motion of U.S. Bank for relief from the automatic stay, and for such other and further relief as the Court deems appropriate under the circumstances.

Dated: 7/8/2013

Respectfully submitted,
Nancy Boyer
By his/her/their attorney:

/s/ Andrew W. Evans
_____
Andrew W. Evans BBO#556403
Evans & Evans
58 Main Street
Topsfield, MA  01983
(978) 887-2166

CERTIFICATE OF SERVICE

I, Andrew W. Evans, hereby certify that on the below date I caused the within Objection to be served on the following parties by first class mail, postage prepaid, unless some other manner of service is indicated:

    Denise Pappalardo, Esq., Chapter 13 Trustee  (VIA ECF/EMAIL)

    Rian Vernon, Esq., on behalf of U.S. Bank, N.A. (VIA ECF/EMAIL)

    United States Trustee                    (VIA ECF/EMAIL)

BY FIRST CLASS MAIL:

Internal Revenue Service
Insolvency Unit Stop 20800
P.O. Box 9112
Boston MA 02203


Massachusetts Department of Revenue
Bankruptcy Unit
100 Cambridge Street
Boston, MA  02114


Andover Tax Collector
36 Bartlet St
Andover, MA 01810


Date:  7/8/2013                                    /s/ Andrew W. Evans

                                                                     Andrew W. Evans